**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| KEITH PARSONS, ) | CASE NO. 3:12-cv-02300 |
| ) | |
| Petitioner, ) | JUDGE JEFFREY J. HELMICK |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| NEIL TURNER, Warden ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | |

Petitioner, Keith Parsons ("Parsons"), challenges the constitutionality of his conviction in the case of *State v. Parsons*, Auglaize County Court of Common Pleas Case No. 2010-CR-00232. Parsons, *pro se*, filed a petition for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 and a brief in support on September 12, 2012. On December 18, 2012, Warden Neil Turner ("Respondent") filed an Answer/Return of Writ. (ECF No. 9.) Despite being granted an extension of time to do so, Parsons did not file a Traverse. For reasons set forth in detail below, it is recommended that Parsons's petition be DISMISSED as time barred, or, in the alternative, as procedurally defaulted.

**I. Procedural History**

**A. Conviction**

On March 16, 2010, an Auglaize County Grand Jury charged Parsons with one count of possessing chemicals used in the manufacture of controlled substances in violation of Ohio

Revised Code ("O.R.C.") § 2925.041(A), one count of manufacturing methamphetamine in violation of O.R.C. § 2925.04(A) & (C)(3)(b), and one count of child endangering in violation of O.R.C. §§ 2925.04, 2929.041 & 2919.22(B)(6). (ECF No 9-1, Exhs. 3 & 4.)

On May 3, 2010, Parsons, represented by defense counsel Jerry Doute, entered into a written, negotiated plea agreement whereby Parsons plead guilty to possessing chemicals used in the manufacture of controlled substances and child endangering, while the State dismissed the manufacturing charge. (ECF No. 9-1, Exh. 5.) It was agreed that at sentencing the State would recommend consecutive prison terms of four years for the possession conviction and five years for the child endangering conviction, for an aggregate sentence of nine years. *Id*. Parsons was sentenced to four years incarceration for the possession conviction and three years incarceration for child endangering. (ECF No. 9-1, Exh.1.) The sentences were to be served consecutively for an aggregate term of seven years. *Id*.

**B. Direct Appeal**

On July 1, 2010, Parsons, through new counsel, filed a timely appeal with the Court of Appeals for the Third Appellate District ("state appellate court") raising one assignment of error:

> The trial court's sentence of the Defendant-Appellant to mandatory consecutive sentences totaling seven years was contrary to law and further constituted an abuse of discretion in failing to properly consider and apply the felony sentencing guidelines set forth in R.C. 2929.11 and 2929.12.

(ECF No. 9-1, Exhs. 8 & 9.)

On January 18, 2011, Parsons's sentence was affirmed. (ECF No. 9-1, Exh. 2.)

Parsons did not file a timely appeal pursuant to Ohio Supreme Court Practice Rule 2.1(A), but did file a Motion for Leave to File Delayed Appeal and a Notice of Appeal on April 11, 2011. (ECF No. 9-1, Exhs. 10 & 11.) After allowing Parsons to file a memorandum in

support of jurisdiction (ECF No. 9-1, Exh. 12), leave was denied and the appeal dismissed as not involving any substantial constitutional question. (ECF No. 9-1, Exh. 15.)

**C.   Application to Reopen Appeal & Postconviction Relief**

On May 6, 2011 Parsons, *pro se*, filed an application to reopen his direct appeal. (ECF No. 9-1, Exh. 16.) On June 22, 2011, the state appellate court denied Parsons's application as untimely filed and without good cause.[1] (ECF No. 9-1, Exh. 17.)

On August 4, 2011, Parsons filed a notice of appeal and memorandum in support of jurisdiction with the Supreme Court of Ohio challenging the denial of his application to re-open. (ECF No. 9-1, Exhs. 18 & 19.) On October 19, 2011, leave to appeal was denied. (ECF No. 9-1, Exh. 20.)

On September 26, 2012, Parsons filed a motion for resentencing (ECF No. 9-1, Exh. 21), which the trial court denied on October 3, 2012. (ECF No. 9-1, Exh. 22.)

**D.   Federal Habeas Petition**

On September 12, 2012,[2] Parsons filed a Petition for Writ of Habeas Corpus and asserted the following ground for relief:

> GROUND ONE: The defendant's consecutive sentence violated his right to Due Process and Equal Protection under the Fifth and Fourteenth Amendments of the U.S. Constitution and section five and sixteen, Article One, and section four, Article IV of the Ohio Constitution. The trial court lacked jurisdiction to impose

---

[1] Pursuant to Ohio Appellate Rule 26(B)(1), an application for reopening must be filed within ninety days from the journalization of the appellate court's judgment.

[2] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 379, 101 L.Ed.2d 245 (1988). Here, Parsons declared under penalty of perjury that he delivered the petition to the prison mailing system on September 4, 2012. (ECF No. 1 at 18.) Therefore, the Court will consider this date the filing date.

>     consecutive sentences without making the findings required by Ohio Statute,
>     specifically O.R.C. §2929.14(E)(4), O.R.C. §2929.19(B)(2), O.R.C. §2929.41,
>     and O.R.C. §5145.01.

(ECF No. 1.)

## II.  Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A. One-Year Limitation**

Respondent contends that Parsons's conviction became final on March 4, 2011, forty-five days after the state appellate court's decision when the time to file a notice of appeal with the Supreme Court of Ohio expired.

The AEDPA limitations period is tolled during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*[3]

Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905 at *2 (S.D. Ohio Jan. 8, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v.*

---

[3] An application for state habeas review is an application for state post-conviction review or other collateral review within the meaning of the AEDPA. *See Abela v Martin*, 348 F.3d 164, 170 (6th Cir. 2003), *overruled on other grounds as stated in Sanders v. Bobby*, 2008 U.S. Dist. LEXIS 7248 (N.D. Ohio 2008).

-5-

*Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Here, following trial, Parsons timely filed a direct appeal. The state appellate court ruled on January 18, 2011. (ECF No. 9-1, Exh. 2.) Parsons then had forty-five days, until March 5, 2011, to timely appeal to the Ohio Supreme Court. *See* Ohio Sup. Ct. Prac. R. 2.2(A)(1). Because he did not file an appeal by March 5, 2011, his conviction became final at the end of the day and the statute of limitations started running the next day – on March 6, 2011. Thirty-six (36) days of the one-year statute of limitations had elapsed when, on April 11, 2011, Parsons requested leave to file a delayed appeal and notice of appeal with the Supreme Court of Ohio. (ECF 9-1, Exhs. 10 & 11.) The Sixth Circuit has ruled that a properly-filed motion for delayed appeal tolls, although it does not restart, the statute of limitations while it is pending. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001); *accord Plaza v. Hudson*, No. 1:07cv674, 2008 U.S. Dist. LEXIS 102083, at *13 (N.D. Ohio, Dec. 17, 2008).

Therefore, the clock resumed running on September 22, 2011, one day after the Ohio Supreme Court dismissed the appeal. (ECF No. 9-1, Exh. 15.) As a motion for delayed appeal is not part of direct review, *see DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2003), Parsons is not entitled to the ninety additional days to appeal to the United States Supreme Court. *See Lawrence*

-6-

*v. Florida*, 549 U.S. 327, 332, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (the statute of limitations period is not tolled for collateral proceedings under § 2244(d)(2), during the 90 days in which a petitioner can file a petition for a writ of *certiorari* to the United States Supreme Court). Considering the 36 days that had already elapsed, Parsons had 330 days – until August 17, 2012 – to file a timely federal habeas petition.[4]

Although Parsons filed a motion to reopen his appeal on May 6, 2011, the state appellate court deemed that filing as untimely on June 22, 2011. (ECF No. 9-1, Exhs. 16 & 17.) No tolling resulted, because post-conviction or collateral petitions rejected by the state court as untimely are not "properly filed" within the meaning of the AEDPA. Parsons did appeal this dismissal to the Ohio Supreme Court within forty-five days. (ECF No. 9-1, Exh. 18.) The Respondent, however, does not address the issue of whether a potentially timely appeal from an untimely (and therefore not properly filed) post-conviction or collateral petition has a tolling effect where the statute of limitations has not yet expired. In this case, the question is dispositive on the time-bar issue. If Parsons enjoys the benefit of statutory tolling while his appeal to the Supreme Court of Ohio remained pending, his petition is not barred by the statute of limitations. On the other hand, if an appeal from the denial of an untimely, and thus improperly filed, application to reopen has no tolling effect, his habeas petition would be time-barred.

This Court's own review of this issue has not unearthed any controlling case law directly on

---

[4] Because February of 2012 is encompassed within the statutory calculation period and 2012 was a leap year, the Court will presume Parsons had 366 days to file a timely habeas petition.

-7-

point.[5] However, in *Pace*, the Supreme Court expressed reservations about the wisdom of tolling where a petition is untimely. 544 U.S. at 413 ("On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.") Similar concerns are applicable here. A petitioner should not enjoy the benefit of statutory tolling by promptly appealing from an otherwise improperly filed collateral petition. The *Pace* court, while not confronted with identical circumstances, held as follows: "[w]hat we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." 544 U.S. at 414 (*citing Carey v. Saffold*, 536 U.S. 214 (2002)).

This Court agrees with the *Lynch* decision and finds that the concerns of undue delay expressed by the Supreme Court preclude statutory tolling during the pendency of an appeal from an untimely post-conviction or collateral application. This Court recognizes that the outcome might be different if the appeal leads to a reversal of the lower court's decision and results in a finding that the application was "properly filed" under state law. Here, however, the Ohio Supreme Court dismissed the appeal. (ECF No. 9-1, Exh. 20.) "Where the last reasoned order in a state court proceeding relies on a procedural error, later unexplained orders are presumed to rest on the same ground." *Palmer v. Lavigne*, 43 Fed. Appx. 827, 829 (6th Cir. 2002) (*citing Ylst v.*

---

[5] In *Lynch v. Wilson*, 2009 U.S. Dist. LEXIS 6702 at **4-5 (N.D. Ohio Jan. 30, 2009) (Oliver, J.), the court addressed whether appeals from a petitioner's improperly filed post-conviction, collateral actions tolled the statute of limitations. The *Lynch* court rejected the report and recommendation of the Magistrate Judge and found that the subsequent appeals from improperly filed postconviction actions failed to toll the statute of limitations under the AEDPA.

*Nunnemaker*, 501 U.S. 797, 803 (1991).

Parsons believes that the statute of limitations did not expire until October 19, 2012, one year after the Supreme Court of Ohio denied his appeal from his untimely application to reopen on October 19, 2011. (ECF No. 1-1 at 19.) For the reasons stated above, Parson's calculation is not supported by law. Therefore, unless equitable tolling is appropriate or Parsons is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.

**B. Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date. Here, however, Parsons was aware of the factual predicate of his claim at the time of his direct appeal. Thus, Parsons is not entitled to a later start date.

**C. Equitable Tolling**

Finally, the Court finds that equitable tolling is not appropriate. Parsons did not make an equitable tolling argument after Respondent raised the statute of limitations defense. *See, e.g., Pace*, 544 U.S. at 418 (holding that a petitioner bears the burden of proving that equitable tolling is applicable). In his brief in support of his habeas petition, he simply asserts that his petition is timely. (ECF No. 1-1 at 18.) In order to be entitled to equitable tolling, Parsons has the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id*.; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in

preserving his legal rights." *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999).

Parsons has failed to meet his burden and, without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

### III. Exhaustion and Procedural Default

**A.  Exhaustion Standard**

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b),( c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

**B.  Procedural Default Standard**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). A claim may become procedurally defaulted in two ways. *Id*. First, a petitioner may procedurally default a

claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[6] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

---

[6] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."

-12-

*Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D.Ohio 2007).

**C. Analysis**

Respondent argues that Parsons's sole ground for relief is procedurally defaulted as it was not fairly presented on direct appeal. (ECF No. 9 at 15-18.) "Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts." *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004); *accord Fulcher v. Logan County Circuit Court*, 459 Fed. Appx. 516, 522 (6th Cir. 2012) ("The very purpose of the exhaustion requirement is to 'give the state courts an opportunity to act on [a petitioner's] claims before he presents those claims to a federal court in a habeas petition' .... Accordingly, the claim was left unexhausted and is now procedurally defaulted.")

Parsons did not fairly present a federal due process violation, a violation of the Equal Protection Clause, or violations of the Fifth and Fourteenth Amendments before the state courts, as a claim is only adequately raised on direct appeal if a petitioner asserts both the legal and factual basis for his claim. *See McMeans*, 228 F.3d at 681. A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

On direct appeal, Parsons relied solely on state cases and state law. Neither did he allege

-13-

facts well within the mainstream of federal constitutional law. (ECF No. 9-1, Exh. 8 at 9-14.) Specifically, Parsons asserted that the trial court abused its discretion by failing to consider and apply the sentencing guidelines set forth in O.R.C. §§ 2929.11 & 2929.12.[7] *Id*. Therefore, ground one was not fairly presented to the state appellate court. Before the Ohio Supreme Court, Parsons again argued the same alleged violations of Ohio's sentencing statutes. (ECF No. 9-1, Exh. 13.) Parsons's argument was rooted entirely in state law. *Id*. However, at the conclusion of his brief, Parsons asserted in a conclusory manner that, because the Ohio courts allegedly failed to follow state sentencing law, his due process rights were violated. *Id*. at 9-10. The Sixth Circuit has explained that "[o]ur cases view [petitioner's] isolated allusion to 'constitutional rights to due process and a fair trial' as failing to afford the [state] courts adequate notice that [he] intended to invoke the Due Process Clause." *Katt v. Lafler*, 271 Fed. Appx. 479, 482 (6th Cir. 2008) (*citing Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006) (where a petitioner alleged that he had been deprived of "due process and a fair trial by an impartial jury" and cited the Sixth and Fourteenth Amendments, he had not "fairly presented" a federal claim to the state courts); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004) ("[G]eneral allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present claims' that specific constitutional rights were violated."); *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995) ("A lawyer need not develop a

---

[7] Although Parsons cites *State v. Kalish*, 896 N.E.2d 124, 120 Ohio St. 3d 23 (Ohio 2008) and *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (Ohio 2006), which addressed the compatibility of Ohio's sentencing scheme in light of the United States Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *U.S. v. Booker*, 543 U.S. 220 (2005), he does *not* argue that the sentencing court engaged in unconstitutional judicial fact finding that was reserved for the jury. To the contrary, he argues that the sentencing court should, nevertheless, have followed Ohio's statutory sentencing guidelines in spite of *Foster*. (ECF No. 9-1, Exh. 8.)

-14-

constitutional argument at length, but he must make one; the words 'due process' are not an argument.")).

Moreover, even if Parsons's mere assertion that his sentence violated his due process rights were considered sufficient to satisfy the fair presentation requirement, Parsons's belated (and untimely) attempt to raise a federal constitutional claim for the first time before the Ohio Supreme Court did not cure his failure to raise the same argument, in its federal dimensions, before the state appellate court. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). Under Ohio law, a constitutional question cannot ordinarily be raised before the Ohio Supreme Court unless it was first presented to the intermediate appellate court. *See State v. Jester*, 32 Ohio St.3d 147, 154, 512 N.E.2d 962, 966 (1987). Moreover, Ohio law prohibits him from raising this issue now. *See Engle*, 456 U.S. at 125 n. 28; *Collins v. Perini*, 594 F.2d 592 (6th Cir. 1979).

Therefore, Parsons's sole ground for relief is procedurally defaulted. Parsons has not presented this Court with any argument as to cause for his default or identified any ensuing prejudice. Even if this Court were to assume that Parsons would claim ineffective assistance of appellate counsel as "cause," such an argument would fail. Ineffective assistance of appellate counsel *may* constitute cause for a procedural default, *Murray*, 477 U.S. at 488, unless that claim is also procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). While Parsons filed a 26(B) application to reopen (ECF No. 9-1, Exh. 16), the state appellate court denied Parsons's application because it was untimely and he failed to show good cause for his untimeliness. (ECF No. 9-1, Exh. 17.) As such, any ineffective assistance of appellate counsel

claim would also be defaulted. Absent cause for his procedural default, there is no need to address whether Parsons can demonstrate prejudice.

Finally, while a petitioner's procedural default may be excused where a petitioner is actually innocent, Parsons has made no such claim, nor has he presented this Court with new, reliable evidence. As such, there is no justifiable reason to excuse his default.

### IV. Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred or, in the alternative, DISMISSED as procedurally defaulted for lack of fair presentation before the state courts.

/s/ *Greg White*
U.S. Magistrate Judge

Date: November 19, 2013

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**